No. 10,381.

## LOSEY ET UX. v. BOND, TRUSTEE, ET AL.

SUPREME COURT.— *Appeal.— Parties.— Trust and Trustee.— Mortgage.*—E., trustee of an express trust created by mortgage, obtained a judgment of foreclosure, and then died. Afterwards the mortgagors appealed, making a party appellee B., who was named in the mortgage as the successor of E. as trustee in case of the death of the latter.

*Held,* that B. was properly made a party to the appeal.

From the Marion Superior Court.

*J. Hanna, F. Kneffler* and *J. S. Berryhill,* for appellants.

*T. A. Hendricks, C. Baker, O. B. Hord* and *A. W. Hendricks,* for appellees.

WORDEN, C. J.—Robert C. Losey and Emma J., his wife, executed a deed of trust, in the nature of a mortgage, to one Jonathan Edwards, as trustee, to secure the payment to the Equitable Trust Company of a sum of money therein mentioned.

Edwards, as such trustee, obtained a decree of foreclosure of the mortgage in the court below. After the judgment of foreclosure was obtained Edwards died. Losey and others have appealed to this court from the judgment of foreclosure, and have made Henry R. Bond an appellee, as trustee succeeding Edwards, deceased.

Bond now moves that the appeal be dismissed as to him, on the ground that he is not a proper party to the appeal.

It is provided, in the mortgage or deed of trust, "that in case of the death, absence from the United States, inability or refusal to act of the party of the second part" (Edwards), "at any time when his action, under the foregoing powers and trusts may be required, then Henry R. Bond, of," etc., "shall be, and hereby is, appointed and made the successor to said party of the second part in said trusts, with like powers and authority; and the title to the said premises shall thereupon become vested in such successor in trust for the purposes aforesaid."

This provision for the succession in the trust in case of the death, etc., of Edwards, was, doubtless, valid.   It is said in 1 Perry on Trusts, 3d ed., section 287, that "The person who creates the trust may mold it into whatever form he pleases : he may therefore determine in what manner, in what event, and upon what condition the original trustees may retire and new trustees may be substituted.   All this is fully within his power ; and he can make any legal provisions which he may think proper for the continuation and succession of trustees during the continuance of the trust."   Again, at section 288, the same author observes that "Every well-drawn instrument, creating trusts intended to continue for any considerable time, should contain authority and power for any of the trustees to relinquish the trust, as well as provisions for filling vacancies occasioned by resignation, death, or incapacity. Such provisions save the cost and trouble of constant applications to courts."

The action of the trustee is required so long as anything remains to be done, in order to finally close the business of the trust.   That business is not closed as long as this appeal is here pending, though the land may have been sold under the judgment rendered below.

If the judgment should, for any reason, be reversed, the cause will go back to the court below for further proceedings, in which the action of the succeeding trustee will be required.

Besides, the succeeding trustee is a proper party to resist the reversal sought by the appellants ; and if the judgment should be affirmed, and if the property was bought in at sheriff's sale on the judgment by Edwards, as such trustee, in his lifetime, the title would, doubtless, vest in Bond, as his successor.

Bond, as the successor of Edwards, is a proper appellee, and the motion must be overruled.